Ashlee B. Hesman, Bar No. 012740
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
AHesman@strucklove.com

JAMES E. HARPER
Nevada Bar No. 9822
HARPER WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:    (702) 778-6600
Email: eservice@harperwixom.com

*Attorneys for Defendants CoreCivic, Inc. and*
*CoreCivic of Tennessee, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| G.G. an individual,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.; CORECIVIC OF TENNESSEE, LLC; SETH BLOODWORTH, an individual, and DOES 1 through 10; ROE Corporations 11 through 20; ABC Limited Liability Companies 21-30, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00275-RFB-EJY<br><br>**CORECIVIC DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| --- | --- |

Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic Defendants"), submit their Answer to Plaintiff's Complaint (Dkt. 1).  CoreCivic Defendants deny each allegation of Plaintiff's Complaint not specifically admitted or otherwise pled to.

**INTRODUCTION**

CoreCivic Defendants deny the allegations in the Introduction of Plaintiff's Complaint.  CoreCivic Defendants affirmatively assert that pursuant to the Court's February 23, 2026 Minutes of Proceedings on Defendant's Motion to Dismiss (Dkt. 41) the following claims against CoreCivic Defendants based upon direct and vicarious liability theories are dismissed as to CoreCivic Defendants: direct negligence (Count 1); negligent hiring, training, and retention (Count 2); assault (Count 3); battery (Count 4); negligent infliction of emotional distress (Count 5); intentional infliction of emotional distress (Count 6); and false imprisonment (Count 7). The only claims that remain against CoreCivic Defendants are vicarious liability negligence and direct negligent supervision. (Dkt. 41.)

**PARTIES**

1.    In answering Paragraph 1 of Plaintiff's Complaint, CoreCivic Defendants deny that Plaintiff was in Federal Bureau of Prisons ("BOP") custody at all times relevant to the allegations in her Complaint. CoreCivic Defendants affirmatively assert that while Plaintiff pled guilty to felony charges of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine and judgment in her criminal case was filed on March 29, 2021, she was in the custody of the United States Marshal's Service ("USMS") during her incarceration at Nevada Southern Detention Center ("NSDC"). CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegation that Plaintiff was domiciled in North Carolina at all times relevant to the allegations in her Complaint and therefore deny it.

2.    In answering Paragraph 2 of Plaintiff's Complaint, CoreCivic Defendants admit only that Plaintiff identified herself by initials.  CoreCivic Defendants lack sufficient information to form a belief as to the truth of the remaining allegations and they therefore deny them.

3.    CoreCivic Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      In answering Paragraph 4 of Plaintiff's Complaint, CoreCivic Defendants admit that CoreCivic of Tennessee LLC, is registered as a Foreign Limited-Liability Company in the State of Nevada. CoreCivic Defendants deny that CoreCivic of Tennessee LLC, is incorporated under the State of Maryland. CoreCivic Defendants affirmatively assert that CoreCivic of Tennessee LLC, is a Delaware Corporation.

5.      In answering Paragraph 5 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny them.

6.      CoreCivic Defendants deny Paragraph 6 of Plaintiff's Complaint.

7.      In answering Paragraph 7 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

8.      In answering Paragraph 8 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

9.      In answering Paragraph 9 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

### STATEMENT OF JURISDICTION AND VENUE

10.      In answering Paragraph 10 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations as to Plaintiff's and Defendant Bloodworth's respective domiciles and therefore deny them.

11.      CoreCivic Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

12.      In answering Paragraph 12 of Plaintiff's Complaint, CoreCivic Defendants admit that Plaintiff's claims allegedly took place in Nye County, Nevada and that the Court has jurisdiction. CoreCivic Defendants deny Plaintiff's allegations against them. CoreCivic Defendants further admit that they are registered to do business in the State of Nevada.

13.      In answering Paragraph 13 of Plaintiff's Complaint, CoreCivic Defendants deny that they had a "contact" "at the State of Nevada."

14. In answering Paragraph 14 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

15. In answering Paragraph 15 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

16. In answering Paragraph 16 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

## EXHAUSTION

17. In answering Paragraph 17 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

## GENERAL ALLEGATIONS

18. In answering Paragraph 18 of Plaintiff's Complaint, CoreCivic Defendants admit that CoreCivic, Inc. "owns and operates" NSDC, which is located at 2190 E Mesquite, Ave, Pahrump, NV 89060. CoreCivic Defendants deny that CoreCivic of Tennessee, LLC owns and operates NSDC.

19. Paragraph 19 is directed to individuals other than CoreCivic Defendants and therefore no response is required. To the extent a response is required, CoreCivic Defendants deny it.

20. In answering Paragraph 20 of Plaintiff's Complaint, CoreCivic Defendants admit only that CoreCivic contracts with various federal agencies including ICE and BOP.

21. CoreCivic Defendants deny Paragraph 21 of Plaintiff's Complaint.

22. CoreCivic Defendants deny Paragraph 22 of Plaintiff's Complaint.

23. CoreCivic Defendants deny Paragraph 23 of Plaintiff's Complaint.

24. CoreCivic Defendants deny Paragraph 24 of Plaintiff's Complaint.

25. CoreCivic Defendants deny Paragraph 25 of Plaintiff's Complaint.

26. CoreCivic Defendants deny Paragraph 26 of Plaintiff's Complaint.

27. CoreCivic Defendants deny Paragraph 27 of Plaintiff's Complaint.

28. In answering Paragraph 28 of Plaintiff's Complaint, CoreCivic Defendants admit that Defendant Bloodworth was a CoreCivic employee in April 2023.

29. In answering Paragraph 29 of Plaintiff's Complaint, CoreCivic Defendants admit that Plaintiff was incarcerated at NSDC in April 2023. CoreCivic Defendants lack sufficient information t to form a belief as to the truth of the remaining allegations in Paragraph 29 and they therefore deny them.

30. CoreCivic Defendants deny Paragraph 30 of Plaintiff's Complaint.

31. In answering Paragraph 31 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

32. In answering Paragraph 32 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

33. In answering Paragraph 33 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

34. In answering Paragraph 34 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

35. In answering Paragraph 35 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

36.    In answering Paragraph 36 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

37.    In answering Paragraph 37 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

38.    In answering Paragraph 38 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

39.    In answering Paragraph 39 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

40.    In answering Paragraph 40 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

41.    In answering Paragraph 41 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

42.    In answering Paragraph 42 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

43.    In answering Paragraph 43 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

44.    In answering Paragraph 44 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

45.     In answering Paragraph 45 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

46.     In answering Paragraph 46 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

47.     In answering Paragraph 47 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

48.     In answering Paragraph 48 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

49.     In answering Paragraph 49 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

50.     In answering Paragraph 50 of Plaintiff's Complaint, CoreCivic Defendants admit that Plaintiff was set to be transferred from NSDC on or about June 2023. CoreCivic Defendants lack sufficient information to form a belief as to the truth of the remaining allegations therefore deny them.

51.     In answering Paragraph 51 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

52.     In answering Paragraph 52 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

53. In answering Paragraph 53 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

54. In answering Paragraph 54 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

55. In answering Paragraph 55 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

56. In answering Paragraph 56 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations therefore deny them.

57. CoreCivic Defendants deny the allegations in Paragraph 57 of Plaintiff's Complaint.

58. In answering Paragraph 58 of Plaintiff's Complaint, CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations regarding Defendant Bloodworth's conduct and therefore deny them. CoreCivic Defendants deny the remaining allegations.

59. CoreCivic Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

60. CoreCivic Defendants repeat and re-allege their responses to each preceding allegation as though fully set forth herein.

61. In answering Paragraph 61 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt.

41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

a.  In answering Paragraph 61(a) of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants.  (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

b.  In answering Paragraph 61(b) of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants.  (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

c.  In answering Paragraph 61(c) of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants.  (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

62.    In answering Paragraph 62 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

63.    In answering Paragraph 63 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

64.    In answering Paragraph 64 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

65. In answering Paragraph 65 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

66. In answering Paragraph 66 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

67. In answering Paragraph 67 of Plaintiff's Complaint, In answering Paragraph 62 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

68. In answering Paragraph 68 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

69. In answering Paragraph 69 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

70. In answering Paragraph 70 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

71. In answering Paragraph 71 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required,

CoreCivic Defendants deny it. CoreCivic Defendants affirmatively allege that "NAC 209.259" does not exist.

72.    In answering Paragraph 72 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, Defendants deny it.

73.    In answering Paragraph 73 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, Defendants deny it.

74.    In answering Paragraph 74 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

75.    In answering Paragraph 75 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

76.    In answering Paragraph 76 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

77.    In answering Paragraph 77 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

78.     In answering Paragraph 78 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

79.     Paragraph 79 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

80.     Paragraph 80 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

81.     Paragraph 81 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

82.     Paragraph 82 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

83.     Paragraph 83 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

84.     Paragraph 84 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

85.     Paragraph 85 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

86.     Paragraph 86 of Plaintiff's Complaint is directed to an individual other than CoreCivic Defendants and no response is required. To the extent response is required, CoreCivic Defendants deny the allegations.

87.     In answering Paragraph 87 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

88.     In answering Paragraph 88 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

89.     In answering Paragraph 89 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

90.     In answering Paragraph 90 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

91.     In answering Paragraph 91 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny it.

92.     In answering Paragraph 92 of Plaintiff's Complaint, Plaintiff's direct negligence and negligence per se claims were dismissed as to CoreCivic Defendants. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required,

CoreCivic Defendants deny it. As to Plaintiff's vicarious liability negligence theory, CoreCivic Defendants deny Paragraph 92 of Plaintiff's Complaint.

93.     CoreCivic Defendants deny the allegations in Paragraph 93 of Plaintiff's Complaint.

94.     CoreCivic Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**
**(Against The CoreCivic Defendants and DOES/ROE Corporations/ABC Limited Liability Companies Defendants)**

95.     CoreCivic Defendants repeat and re-allege their responses to each preceding allegation as though fully set forth herein.

96.     In answering Paragraph 96 of Plaintiff's Complaint, as to the allegations against CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) Thus, no response is required and none is provided regarding those dismissed claims. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants admit that they had a duty to exercise reasonable care in the supervision of its employees, Defendants affirmatively deny any breach of this duty..

    d.   In answering Paragraph 96(a) of Plaintiff's Complaint, as to the allegations against CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

    e.   In answering Paragraph 96(b) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and

14

none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

f.  In answering Paragraph 96(c) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 96(c).

g.  In answering Paragraph 96(d) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 96(d).

h.  In answering Paragraph 96(e) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 96(e).

i.  In answering Paragraph 96(f) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

j.  In answering Paragraph 96(g) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring,

15

training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 96(g).

97.    CoreCivic Defendants deny Paragraph 97 of Plaintiff's Complaint.

98.    In answering Paragraph 98 of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

99.    CoreCivic Defendants deny Paragraph 99 of Plaintiff's Complaint.

100.    In answering Paragraph 100 of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

101.    In answering Paragraph 101 of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 101.

102.    CoreCivic Defendants deny Paragraph 102 of Plaintiff's Complaint.

103.    In answering Paragraph 103 of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 103.

a.    In answering Paragraph 103(a) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring,

training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. Therefore

b. In answering Paragraph 103(b) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

c. In answering Paragraph 103(c) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 103(c).

d. In answering Paragraph 103(d) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 103(d).

e. In answering Paragraph 103(e) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

f. In answering Paragraph 103(f) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring,

17

training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations.

g.   In answering Paragraph 103(g) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 103(g).

h.   In answering Paragraph 103(h) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 103(h).

i.   In answering Paragraph 103(i) of Plaintiff's Complaint, as to the allegations against the CoreCivic Defendants, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 103(i).

104.   In answering Paragraph 104, Plaintiff's claims for negligent hiring, training and retention were dismissed. (Dkt. 41.) No response is required, and none is provided. To the extent a response is required, Defendants deny the allegations. As to Plaintiff's claim for negligent supervision, CoreCivic Defendants deny Paragraph 104.

105.   CoreCivic Defendants deny Paragraph 105 of Plaintiff's Complaint.

106.   CoreCivic Defendants deny Paragraph 106 of Plaintiff's Complaint.

107.    CoreCivic Defendants deny Paragraph 107 of Plaintiff's Complaint.

108.    CoreCivic Defendants deny Paragraph 108 of Plaintiff's Complaint.

109.    CoreCivic Defendants deny Paragraph 109 of Plaintiff's Complaint.

110.    CoreCivic Defendants deny Paragraph 110 of Plaintiff's Complaint.

111.    CoreCivic Defendants deny Paragraph 111 of Plaintiff's Complaint.

112.    CoreCivic Defendants deny Paragraph 112 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
### ASSAULT
**(Against All Defendants)**

113.    This claim was dismissed as to CoreCivic Defendants. (Dkt. 41.) Thus, no response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations set forth in Paragraphs 113 through 125 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION
### BATTERY
**(Against All Defendants)**

114.    This claim was dismissed as to CoreCivic Defendants. (Dkt. 41.) Thus, no response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations set forth in Paragraphs 126 through 125 of Plaintiff's Complaint.

### FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against All Defendants)**

115.    Pursuant to the Court's February 23, 2026 Minutes of Proceedings on Defendant's Motion to Dismiss (Dkt. 41) Plaintiffs Fifth Cause of Action for Negligent Infliction of Emotional Distress is dismissed against CoreCivic Defendants. No response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations set forth in Paragraphs 141 through 158 of Plaintiff's Complaint.

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

116.     This claim was dismissed as to CoreCivic Defendants. (Dkt. 41.) Thus, no response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations set forth in Paragraphs 159 through 174 of Plaintiff's Complaint.

**SEVENTH CAUSE OF ACTION**
**FALSE IMPRISONMENT**
**(Against All Defendants)**

117.     This claim was dismissed as to CoreCivic Defendants. (Dkt. 41.) Thus, no response is required, and none is provided. To the extent a response is required, CoreCivic Defendants deny the allegations set forth in Paragraphs 175 through 192 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

In answering Plaintiff's Request for Relief, CoreCivic Defendants deny that Plaintiff is entitled to any of the relief she seeks. CoreCivic Defendants affirmatively assert that they are entitled to recovery of incurred applicable costs where CoreCivic Defendants prevail on dismissal of Plaintiff's claims by dispositive motion and/or trial.

**AFFIRMATIVE DEFENSES**

1.     As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     As a separate defense and in the alternative, CoreCivic Defendants allege that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

3.     As a separate defense or in the alternative, CoreCivic Defendants allege that Plaintiff may lack standing to pursue her claims.

4.     As a separate defense and in the alternative, CoreCivic Defendants allege that any actions or inactions alleged on the part of CoreCivic Defendants were not the actual and/or

proximate cause of any injuries, losses, and/or damages to the Plaintiff, if any, thereby barring recovery.

5.     As a separate defense and in the alternative, CoreCivic Defendants allege that it is entitled to all privileges and immunities under Nevada law.

6.     As a separate defense and in the alternative, CoreCivic Defendants allege that it is entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, and preemption.

7.     As a separate defense and in the alternative, CoreCivic Defendants allege that it is not liable under the government contractor defense.

8.     As a separate defense and in the alternative, CoreCivic Defendants assert that its management, operation, and staffing of NDSC is monitored, inspected, and approved by representatives of the United States government, who ensure that CoreCivic complies with federal standards and contract requirements.

9.     As a separate defense and in the alternative, CoreCivic Defendants allege that the United States Marshals Service ("USMS") retains authority to approve all CoreCivic contractor staff, subcontractors, and volunteers who have contact with federal inmates and detainees.

10.     As a separate defense and in the alternative, CoreCivic Defendants assert that with respect to all USMS detainees at NSDC, CoreCivic Defendants acted under the authority delegated to it by USMS and in so doing, it was obligated to comply with the requisite fitness determinations for its employees.

11.     As a separate defense and in the alternative, CoreCivic Defendants allege that its conduct did not violate any applicable standard of care.

12.     As a separate defense and in the alternative, CoreCivic Defendants allege that their operation of NSDC complied with the applicable standard of care.

13.     As a separate defense and in the alternative, CoreCivic Defendants allege that it did not breach any duty owed to Plaintiff.

14.    As a separate defense and in the alternative, CoreCivic Defendants allege that the alleged actions of Defendant Bloodworth and the Doe Defendants were outside the course and scope of his employment.

15.    As a separate defense and in the alternative, CoreCivic Defendants allege that the alleged actions of Defendant Bloodworth and the Doe Defendants were outside the course and scope of their employment.

16.    As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff suffered no actual injuries and/or damages.

17.    As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff's injuries were caused not caused by them.

18.    As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff's injuries, if any, were proximately caused by an intervening and/or superseding cause for which CoreCivic Defendants are not liable.

19.    As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff failed to mitigate her damages, if any.

20.    As a separate defense and in the alternative, CoreCivic Defendants allege that they acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

21.    As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff was fully or partially at fault and such fault caused or contributed to the alleged damages complained of in Plaintiff's Complaint.

22.    As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff knew of and voluntarily assumed the risk that led to the alleged injuries complained of in Plaintiff's Complaint.

23.    As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff is barred by the doctrine of unclean hands such that she may not recover any relief sought in the Complaint.

24.     As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff, by her acts and/or omissions, waived his rights, if any, to recover against CoreCivic Defendants.

25.     As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff, by her own acts and/or omissions, is estopped from recovering against CoreCivic Defendants because Plaintiff's own actions directly or proximately caused the incident.

26.     As a separate defense and in the alternative, CoreCivic Defendants allege that Plaintiff agreed to, and/or participated in, those actions which Plaintiff claims caused injury or damage, making Plaintiff's claim invalid.

27.     As a separate defense and in the alternative, CoreCivic Defendants allege that the Complaint fails to state a claim for damages sufficient to support an award of attorneys' fees, costs, expert witness fees, and other litigation fees or expenses against CoreCivic Defendants.

28.     As a separate defense and in the alternative, CoreCivic Defendants allege that its actions and/or the actions of its employees were in furtherance of legitimate penological goals.

29.     As a separate defense and in the alternative, CoreCivic Defendants allege that they did not act with the requisite oppression, fraud, malice, intent, or conscious disregard thereby precluding recovery of punitive damages or exemplary damages under NRS 42.001 *et seq*. *See Villagomes v. Lab'y Corp. of Am.*, 783 F. Supp. 2d 1121, 1127 (D. Nev. 2011); *See Ittella Foods, Inc. v. Zurich Ins. Co.*, 98 F. App'x 689, 691 (9th Cir. 2004);

30.     CoreCivic Defendants reserve the right to amend their Answer to Plaintiff's Complaint to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up to and including trial in this matter.

## **DEMAND FOR JURY TRIAL**

CoreCivic Defendants demand a jury trial on all triable issues.

23

**WHEREFORE**, CoreCivic Defendants respectfully request that:

A.      Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B.      CoreCivic Defendants be awarded its costs, expenses, and attorneys' fees; and

C.      CoreCivic Defendants be awarded such other and further relief as this Court deems just and equitable.

DATED this 9th day of March 2026.

STRUCK LOVE ACEDO, PLC

By /s/ Ashlee B. Hesman
       Ashlee B. Hesman
       3100 West Ray Road, Suite 300
       Chandler, Arizona 85226
       AHesman@strucklove.com

       James E. Harper
       HARPER WIXOM
       NEVADA BAR NO. 9822
       1935 VILLAGE CENTER CIRCLE
       LAS VEGAS, NV 89134

       *Attorneys for Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC*

24

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Christian M. Morris | christian@cmtalaw.com |
| Sarah E. DiSalvo | Sarah@cmtrialattorneys.com |
| Alana L. McMains | alana@mcmainslaw.com |
| Kurt R. Bonds | bondsk@hallevans.com |
| Harvey Gruber | gruberh@hallevans.com |
| | nvefile@hallevans.com |

/s/ B. Bull

25