CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada  89074
Telephone:  (702) 434-8282
Facsimile:  (702) 434-1488
christian@cmtalaw.com
sarah@cmtalaw.com
*Attorneys for Plaintiff*
-and-
ALANA L. MCMAINS (*Pro Hac Vice*)
California State Bar No. 285942
**MCMAINS LAW, APC**
185 W. F St. #100-R
San Diego, California 92101
Telephone: (619) 310-5421
alana@mcmainslaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| G.G., an individual, | Case No.: 2:25-cv-00275-RFB-EJY |
| Plaintiff, | **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | |
| CORECIVIC, INC.; CORECIVIC OF TENNESSEE, LLC; SETH BLOODWORTH, an individual; and DOES 1 through 10; ROE Corporations 11 through 20; ABC Limited Liability Companies 21-30, inclusive, | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | |

On March 2, 2026, the following counsel participated in a telephonic Fed. R. Civ. P. 26(f) conference:   Sarah DiSalvo (for Plaintiff); Ashlee Hesman (for CoreCivic Defendants); and Harvey Gruber (for Defendant Bloodworth). Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, the

-1-

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

Parties submit the following Joint Rule 26(f) Report and proposed Discovery Plan and Scheduling Order.

**A.      Discovery Plan**

**1.   Initial Disclosures:**  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), initial disclosures shall be served by **March 16, 2026**.

**2.   Discovery Cut-Off Date (LR 26-1(b)-(1)) [Basis for Special Schedule Requested]:**  For the reasons detailed below, the Parties request that discovery close on **February 23, 2027**.

Plaintiff filed her Complaint on February 10, 2025. (Dkt. 1.) On May 9, 2025, CoreCivic Defendants moved to extend the deadline to respond to Plaintiff's Complaint. (Dkt. 16.)  This was their first appearance.  On May 14, 2025, Defendant Blood worth answered Plaintiff's Complaint. (Dkt. 20.)  On May 19, 2025, CoreCivic Defendants moved to dismiss Plaintiff's Complaint. (Dkt. 22.)

On May 30, 2025, CoreCivic Defendants moved to stay discovery pending resolution of their Motion to Dismiss. (Dkt. 26.) On June 13, 2026, the Parties filed a Stipulated Motion to Continue the Rule 26(f) Conference and all related deadlines pending resolution of CoreCivic Defendants' Motion to Dismiss. (Dkt. 30.)  As a result of the above submissions, the Court ordered that no discovery may commence until after a Rule 26(f) conference is held. (Dkt. 31.)

On February 23, 2026, the Court granted in part and denied in part CoreCivic Defendants' Motion to Dismiss. (Dkt. 41.) As a result, the only two claims that remain against CoreCivic Defendants are negligent supervision and vicarious liability. (*Id*.) Given discovery has been stayed since June 13, 2025, it was not possible for the Parties to complete discovery within 180 days from the date the first defendant appeared which was November 5, 2025, and that deadline has now expired.

For the reasons detailed below, the Parties believe that discovery will take approximately 12 months from the Court's February 23, 2026 ruling on CoreCivic Defendants' Motion to Dismiss. (Dkt. 41.)  First, Plaintiff was a United States Marshal's Service ("USMS") detainee at the time of the allegations in her Complaint. She is currently incarcerated by the Federal Bureau

CHRISTIAN MORRIS TRIAL
ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

of Prisons ("BOP"). The Parties expect that obtaining documents from these federal agencies—which the Parties will need for written discovery responses and depositions—will take a significant amount of time to obtain, even if Plaintiff promptly provides releases which CoreCivic Defendants will request. Second, due to the confidential, security-sensitive, and proprietary nature of the forthcoming USMS, BOP, and CoreCivic documents, a protective order will need to be in place prior to production of many relevant documents. The Parties are currently working on proposed language and will submit a draft to the Court.

For these reasons, the Parties request that this Court enter a Special Scheduling Discovery Plan.

**3. Amending Pleadings and Adding Parties (Local Rule 26-1(b)-(2)):** All motions to amend pleadings or add parties shall be filed no later than ninety (90) days before the discovery cut-off date, and therefore, no later than **November 25, 2026**.

**Defendants' Position:** With respect to Doe Defendants, Defendants request that the Court order Plaintiff to identify them by June 25, 2026.

**Plaintiff's Position**: With respect to Doe Defendants, Plaintiff requests that the deadline to identify Doe Defendants be the same as the deadline to amend pleadings and add parties—**November 25, 2026**—consistent with the structure contemplated by the Federal Rules of Civil Procedure and standard scheduling practices in this District. Rule 15(a) and Rule 21 permit amendment and joinder of parties through the deadline set by the Court under Rule 16(b), and there is no basis in the Federal Rules for imposing a separate, earlier cutoff solely for Doe Defendants. Plaintiff named Doe Defendants in her Complaint because the identities of additional responsible parties are not yet known and can only be ascertained through discovery. Requiring Plaintiff to identify Doe Defendants months before the amendment deadline would undermine the purpose of Doe pleading and prejudice Plaintiff by forcing identification before meaningful discovery—including document production from CoreCivic, USMS, and BOP—has been completed. Defendants will not be prejudiced by a unified deadline, as expert and dispositive motion deadlines remain unchanged.

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

**4.   Fed. R. Civ. P. 26(a)(2) Disclosures (Experts) (Local Rule 26-1(b)(3)):** Expert disclosures under Fed. R. Civ. P. 26(a)(2)(D) shall be made no later than sixty (60) days before the discovery cut-off date.

**Defendants' Position:** Plaintiff shall make her disclosures by **December 7, 2026.** Defendants shall make their disclosures by **January 6, 2027**. Any rebuttal disclosure shall be made by **January 21, 2027**.

**Plaintiff's Position:** Pursuant to LR 26-1(b)(3), the parties shall make their initial expert disclosures by **December 28, 2026**. Any rebuttal disclosures shall be made **January 27, 2027**.

**5.   Dispositive Motions (Local Rule 26-1(b)(4)):** The deadline for filing dispositive motions is thirty (30) days after the discovery cut-off date, and is therefore **March 25, 2027**.

**6.   Pretrial Order (Local Rule 26-1(b)(5)):** The deadline for the joint pretrial order is thirty (30) days after the dispositive-motion deadline, and is therefore **April 27, 2027**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty (30) days after decision on the dispositive motions or until further court order.

**7.   Fed. R. Civ. P. 26(a)(3) Disclosures (Local Rule 26-1(b)(6)):** The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**8.   Alternative Dispute Resolution (Local Rule 26(b)(7)):** The parties certify that they met and conferred about the possibility of using alternative-dispute resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

**9.   Alternative Forms of Case Disposition (Local Rule 26(b)(8)):** The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties decline to consent to alternative forms of case disposition.

**10. Electronic Evidence (Local Rule 26(b)(9)):** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties do not anticipate presenting electronic evidence to the jury during deliberations. This position may change as discovery commences and trial approaches. In

the event electronic discovery is required, the parties agree to discuss its use and to provide electronic discovery in a format that is compatible with the Courts electronic jury evidence display system.

**C.    ADDITIONAL MATTERS**

**1.  The Subjects on Which Discovery May Be Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or Be Limited to Or Focused on Particular Issues (Fed. R. Civ. P. 26(f)(3)(B)):**

**Defendants' Position**: Defendants will conduct discovery regarding Plaintiff's emotional distress claims and the allegations detailed in her Complaint. Defendants anticipate requesting various forms of electronically stored information from Plaintiff. Defendant CoreCivic objects to Plaintiff requesting discovery relating to the claims dismissed by the court.

**Plaintiff's Position**: Plaintiff will conduct discovery on subjects relevant to all remaining claims, including PREA compliance history, policies, and training at NSDC; Defendant Bloodworth's complete personnel file and employment records; personnel files for correctional officers assigned to Plaintiff's unit during April through June 2023; prior complaints and internal investigations of sexual abuse or staff misconduct at NSDC; staffing records, shift schedules, and post assignments; security camera footage and coverage documentation for the areas where the assaults occurred; CoreCivic's BOP/USMS contracts; financial records relevant to punitive damages; and all incident reports related to Plaintiff's report of sexual abuse. From Defendant Bloodworth, Plaintiff will seek all communications with Plaintiff, his employment history, and information regarding family members employed at NSDC. From third parties, Plaintiff will seek USMS and BOP records regarding Plaintiff's detention, medical and mental health treatment records, administrative remedies, and records related to Plaintiff's report to the SIS officer at FCI Dublin. Plaintiff does not seek discovery into dismissed claims beyond what is reasonably calculated to lead to evidence relevant to the claims that remain, and notes that the Court dismissed those claims without prejudice at the hearing, such that limited overlap in factual discovery is both inevitable and appropriate. Plaintiff does not believe discovery should be phased or limited to particular issues.

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

Pursuant to LR 26-1(c), before moving for an order relating to discovery, the movant must request a conference with the assigned magistrate judge.

**2**. **Issues About Disclosure Or Discovery Of Electronically Stored Information ("ESI") (Fed. R. Civ. P. 26(f)(3)(C)):** The parties discussed ESI requests and agree to preserve and maintain all electronically stored documents. The parties will coordinate regarding applicable ESI protocols. Aside from this, the parties do not anticipate issues regarding disclosure, discovery, or preservation of ESI at this time.

**3.  Issues About Claims of Privilege or Production or Protected Information (Fed. R. Civ. P. 26(f)(3)(D)):**  The parties acknowledge that there may be attorney-client privilege (or other privilege) issues that arise in this action. The parties agree to meet and confer regarding specific privilege issues that may arise in this matter before seeking the Court's intervention.

**4.  Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E)):**

**Defendants' Proposal**: Defendants propose that the parties be limited to thirty total Requests for Production, including subparts, per side. Additionally, Defendants request that depositions of non-party lay witnesses be limited to four hours of testimony.

**Plaintiff's Position**: The Federal Rules impose no numerical limit on Requests for Production under Rule 34, and a 30-request cap is unduly restrictive given the breadth of discoverable categories in this case—spanning personnel files, PREA audits, incident reports, security records, internal investigations, federal agency records, and financial records relevant to punitive damages. Plaintiff proposes no limit. Under Rule 26(b)(1), discovery must be proportional to the needs of the case and the amount in controversy, not arbitrarily constrained by preset numerical caps that the Federal Rules themselves do not require. Plaintiff proposes no numerical limit on Requests for Production. Should Plaintiff's requests prove overly burdensome, Defendants may seek appropriate relief by meeting and conferring in good faith and, if necessary, moving for a protective order under Rule 26(c).

As to depositions, the default duration under Fed. R. Civ. P. 30(d)(1) is seven hours. Non-party witnesses in this case—including fellow inmates, correctional officers, NSDC administrators, and federal agency personnel—may have extensive relevant knowledge and may

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

-6-

be hostile or reluctant. Nevertheless, Plaintiff agrees to a four-hour limitation for non-party depositions, but expressly reserves the right to seek additional time for particular deponents upon a showing of good cause should discovery reveal that more time is reasonably necessary.

**5. Any Other Orders the Court Should Issue Under Rule 26(c) or Rule 16(b) and (c) – Fed. R. Civ. P. 26(f)(3)(F):** As detailed above, the parties intend to file a Joint Motion for Protective Order. The parties do not otherwise anticipate the necessity of any other orders under Rule 26(c) or Rules 16(b) and (c).

DATED this 9th day of March 2026.          DATED this 9th day of March 2026.

CHRISTIAN MORRIS TRIAL ATTORNEYS    STRUCK LOVE ACEDO, PLC


 /s/ Sarah E. DiSalvo, Esq.                        /s/ Ashlee B. Hesman, Esq.
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
SARAH E. DISALVO, ESQ.                      ASHLEE B. HESMAN, ESQ.
Nevada Bar No. 16398                          Nevada Bar No. 12740
2250 Corporate Circle, Suite 390              3100 West Ray Road, Suite 300
Henderson, Nevada 89074                       Chandler, Arizona 85226
*Attorneys for Plaintiffs*                    *Attorneys for Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC*


DATED this 9th day of March 2026.

HALL & EVANS, LLC


 /s/ Harvey Gruber, Esq.
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
HARVEY GRUBER, ESQ.
Nevada Bar No. 6329
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Defendant
Seth Bloodworth*

…

…

…

…

CHRISTIAN MORRIS TRIAL
ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

_____
Dated

**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of CHRISTIAN MORRIS TRIAL ATTORNEYS and that on the 9th day of March, 2026, I caused the foregoing **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to received such service.

STRUCK LOVE ACEDO, PLC
Ashlee B. Hesman, Esq.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
AHesman@strucklove.com
*Attorneys for Defendants CoreCivic, Inc.,*
*CoreCivic of Tennessee, LLC*

HALL & EVANS, LLC
Kurt R. Bonds, esq.
Nevada Bar No. 6228
Harvey Gruber, Esq.
Nevada Bar No. 6329
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144
bondsk@hallevans.com
gruberh@hallevans.com
nvefile@hallevans.com
*Attorneys for Defendant*
*Seth Bloodworth*

*/s/ Sean Rogers*

An employee of
CHRISTIAN MORRIS TRIAL ATTORNEYS

 Outlook

---

## RE: G.G. v. CoreCivic, et al. - 2:25-cv-00275-RFB-EJY - Rule 26 Conference

---

**From** Gruber, Harvey <gruberh@hallevans.com>

**Date** Mon 3/9/2026 4:03 PM

**To** Sarah DiSalvo <Sarah@cmtalaw.com>; Shannon Knorr <sknorr@strucklove.com>; Ashley Luto <ashley@cmtalaw.com>; Ashlee Hesman <ahesman@strucklove.com>

**Cc** Bonds, Kurt R. <bondsk@hallevans.com>; Sean Rogers <sean@cmtalaw.com>; Lindsay Roginski <Lindsay@cmtalaw.com>; Alana McMains <alana@mcmainslaw.com>; Salgado-Guerrero, Lisa <salgado-guerrerol@hallevans.com>; Govea Team <GoveaTeam@strucklove.com>

You may affix my e-signature.

Thanks,


**Harvey Gruber** | Senior Associate

gruberh@hallevans.com

Tel: 702-982-8980


**Hall & Evans, LLC**

1160 North Town Center Drive, Suite 330

Las Vegas, NV 89144



AZ | CO | ID | IL | MO | MT | NM | NV | UT | WY

website | bio | LinkedIn

---

**From:** Sarah DiSalvo <Sarah@cmtalaw.com>
**Sent:** Monday, March 9, 2026 3:47 PM
**To:** Shannon Knorr <sknorr@strucklove.com>; Gruber, Harvey <gruberh@hallevans.com>; Ashley Luto <ashley@cmtalaw.com>; Ashlee Hesman <ahesman@strucklove.com>
**Cc:** Bonds, Kurt R. <bondsk@hallevans.com>; Sean Rogers <sean@cmtalaw.com>; Lindsay Roginski <Lindsay@cmtalaw.com>; Alana McMains <alana@mcmainslaw.com>; Salgado-Guerrero, Lisa <salgado-guerrerol@hallevans.com>; Govea Team <GoveaTeam@strucklove.com>
**Subject:** Re: G.G. v. CoreCivic, et al. - 2:25-cv-00275-RFB-EJY - Rule 26 Conference
**Importance:** High


Counsel:

Please see the final draft. I have removed all highlights, added one remark to Plaintiff's position under Section A(4), and added a response to Defendant's new objection ("Defendant CoreCivic objects to Plaintiff requesting discovery relating to the claims dismissed by the court.") under Plaintiff's position contained with section C(1).

@Harvey Gruber and @Ashlee Hesman: Please advise if we may affix your e-signature. As a reminder, this is due today.

Thank you all for your quick work on this!

Sincerely,

**Sarah DiSalvo, Esq.**
**Attorney**



2250 Corporate Circle Suite 390
Henderson NV 89074
Office (702) 434-8282
Fax (702) 434-1488
Sarah@cmtalaw.com
cmtrialattorneys.com

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Shannon Knorr <sknorr@strucklove.com>
**Sent:** Monday, March 9, 2026 3:16 PM
**To:** Sarah DiSalvo <Sarah@cmtalaw.com>; Harvey Gruber <gruberh@hallevans.com>
**Cc:** Kurt R. Bonds <bondsk@hallevans.com>; Sean Rogers <sean@cmtalaw.com>; Ashley Luto <ashley@cmtalaw.com>; Lindsay Roginski <Lindsay@cmtalaw.com>; Alana McMains <alana@mcmainslaw.com>; Lisa Salgado-Guerrero <salgado-guerrerol@hallevans.com>; Govea Team <GoveaTeam@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>
**Subject:** RE: G.G. v. CoreCivic, et al. - 2:25-cv-00275-RFB-EJY - Rule 26 Conference

Sarah,

Attached please find our revisions to the Proposed Discovery Plan and Scheduling Order. Please note, we made two changes which we have highlighted for ease of reference.  Upon your approval, you may remove the highlights and affix Ashlee Hesman's signature for filing.

Thank you,



Shannon Knorr
Attorney
**STRUCK LOVE ACEDO, PLC**
3100 West Ray Road | Suite 300 | Chandler AZ 85226
480.420.1622 | sknorr@strucklove.com | STRUCKLOVE.COM

**From:** Ashlee Hesman <ahesman@strucklove.com>
**Sent:** Monday, March 9, 2026 2:46 PM

 Outlook

---

## RE: G.G. v. CoreCivic, et al. - 2:25-cv-00275-RFB-EJY - Rule 26 Conference

---

**From** Shannon Knorr <sknorr@strucklove.com>

**Date** Mon 3/9/2026 4:11 PM

**To**     Gruber, Harvey <gruberh@hallevans.com>; Sarah DiSalvo <Sarah@cmtalaw.com>; Ashley Luto <ashley@cmtalaw.com>; Ashlee Hesman <ahesman@strucklove.com>

**Cc**     Bonds, Kurt R. <bondsk@hallevans.com>; Sean Rogers <sean@cmtalaw.com>; Lindsay Roginski <Lindsay@cmtalaw.com>; Alana McMains <alana@mcmainslaw.com>; Salgado-Guerrero, Lisa <salgado-guerrerol@hallevans.com>; Govea Team <GoveaTeam@strucklove.com>

Sarah,

We have reviewed your additions. You may affix Ashlee's signature.

Thank you,


Shannon Knorr
Attorney
**STRUCK LOVE ACEDO, PLC**
3100 West Ray Road | Suite 300 | Chandler AZ 85226
480.420.1622 | sknorr@strucklove.com | STRUCKLOVE.COM

**From:** Gruber, Harvey <gruberh@hallevans.com>
**Sent:** Monday, March 9, 2026 4:03 PM
**To:** Sarah DiSalvo <Sarah@cmtalaw.com>; Shannon Knorr <sknorr@strucklove.com>; Ashley Luto <ashley@cmtalaw.com>; Ashlee Hesman <ahesman@strucklove.com>
**Cc:** Bonds, Kurt R. <bondsk@hallevans.com>; Sean Rogers <sean@cmtalaw.com>; Lindsay Roginski <Lindsay@cmtalaw.com>; Alana McMains <alana@mcmainslaw.com>; Salgado-Guerrero, Lisa <salgado-guerrerol@hallevans.com>; Govea Team <GoveaTeam@strucklove.com>
**Subject:** RE: G.G. v. CoreCivic, et al. - 2:25-cv-00275-RFB-EJY - Rule 26 Conference

 Some people who received this message don't often get email from gruberh@hallevans.com. Learn why this is important
You may affix my e-signature.

Thanks,

**Harvey Gruber** | Senior Associate
gruberh@hallevans.com
Tel: 702-982-8980

**Hall & Evans, LLC**
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144

