UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| G.G., an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>CORECIVIC, INC.; CORECIVIC OF TENNESSEE, LLC; SETH BLOODWORTH, an individual, and DOES 1 through 10; ROE Corporations 11 through 20; ABC Limited Liability Companies 21-30, inclusive,<br><br>   Defendants. | Case No. 2:25-cv-00275-RFB-EJY<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER** |

Pending before the Court is the Proposed Discovery Plan and Scheduling Order (ECF No. [46]).

IT IS HEREBY ORDERED that:

- Initial Disclosures must be made no later than **March 16, 2026.**

- The last day to conduct discovery is **February 23, 2027**.

- The last day to amend pleadings and add parties is **August 10, 2026**. This should provide Plaintiff sufficient time to conduct discovery necessary to identify the Doe and all other defendants they may wish to add.

- Expert disclosures are due **December 28, 2026**. Rebuttal Expert disclosures are due January 27, 2027. Providing staggered expert disclosure dates, in effect, provides Defendants with two rebuttal expert disclosure dates which is unjustified.

- The last day to file dispositive motions is **March 25, 2027**.

- The proposed joint pretrial order is due **April 27, 2027**; provided, however, this deadline is automatically vacated if one or more dispositive motion is pending on this date and reset for 30 days after the Court issues its decision or decisions on such pending motions.

IT IS FURTHER ORDERED that the deadlines above may be extended upon a showing of good cause and, if applicable, excusable neglect.

1

IT IS FURTHER ORDERED that discovery is permitted in accordance with Fed. R. Civ. P. 26 and, thus, must be proportional to the needs of the case.  At this time, the Court is not in a position to rule on each and all of the subject matters identified by Plaintiff in the proposed discovery plan.

IT IS FURTHER ORDERED that interrogatories are limited to the number permitted by Fed. R. Civ. P. 33; provided, however, that the parties may stipulate to a number greater than permitted under the Rule or either party may seek permission of the Court to propound additional interrogatories if agreement cannot be reached.

IT IS FURTHER ORDERED that requests for production of documents are not limited by the federal or local rules of civil procedure.  The Court is not in a position to enter an order limiting the number of document requests at this time.  However, the Court cautions that this is not wholesale permission to ignore proportionality, undue burden, privilege, or other considerations established by well settled law.

IT IS FURTHER ORDERED that depositions are limited under Fed. R. Civ. P. 30(d)(1) to seven hours unless the parties stipulate to a longer deposition for any witness or witnesses or the Court enters an order granting a request for additional time.

IT IS FURTHER ORDERED that the Court cannot stress enough that the parties **must engage in sincere, good faith efforts to work through all discovery disputes before bringing discovery related motions to the Court**.  The Court finds parties' inability to compromise is both contrary to Rule 1 of the Federal Rules of Civil Procedure and the very essence of "civil" discovery. The Court will **not entertain any motion related to discovery that does not evidence sincere efforts to find compromise and resolution to discovery disagreements**.  The Court will entertain requests for hearings at which matters may be discussed and decided without substantial written motion practice.

IT IS FURTHER ORDERED that the Proposed Discovery Plan and Scheduling Order (ECF No. [46]) is GRANTED to the extent consistent with the above.

Dated this 10th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2